**NORTHWESTERN TERRA COTTA CORPORATION, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13252.**

United States Court of Appeals
Seventh Circuit.

Oct. 30, 1961.

Walter Wm. Pearson, Chicago, Ill., Eugene Dooner Murphy, Chicago, Ill., of counsel, for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Ronald C. Meteiver, Washington, D. C., for respondent.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a petition to review a decision of the Tax Court which determined income tax deficiencies adversely to Taxpayer's claim.

Taxpayer, an Illinois corporation, was organized by receivers for the Northwestern Terra Cotta Company, called "Company" here, under the direction of the District Court for the Northern District of Illinois in a creditor's bill proceeding. Pursuant to "The Plan for Liquidating * * * " the Company, the receivers exchanged for all of Taxpayer's stock the Company's cash, personalty and intangibles. The receivers also, under the Plan, leased to Taxpayer, with an option to purchase, a substantial part of the Company land and improvements in Chicago. In September, 1934, Taxpayer began operation of the Company's terra cotta business.

In 1940 the District Court terminated the receivership and its jurisdiction over the proceeding. At that time the trustee —under the Company's mortgage of its Chicago real estate securing bonds used in purchasing the real estate—held legal title to the real estate for the mortgage bondholders. His nominee, Properties I, an Illinois corporation created by him under the Plan, held the equity of redemption which had been conveyed to it by direction of the District Court with a pro-vision against merger of legal and equitable titles. The trustee held also in excess of 51% of Taxpayer's stock given the mortgage bondholders upon their claim of a deficiency of the mortgaged real estate to secure their debts. He also held all the stock of Properties I; and of the Wrightwood Corporation, created by him to clear the real estate of a tax lien.

In July of 1942, the trustee filed suit in the Superior Court of Cook County seeking the aid of equity in administering the "express and implied" trusts. This proceeding eventuated in the Superior Court's approval of a "Plan for Reorganization of Properties I" proposed by the mortgage bondholders committee. Under this Plan, Properties II was created and to it were conveyed the interests of the trustee and of Properties I in the mortgaged real estate. The trustee transferred to it all the stock held by him of Properties I, Wrightwood Corporation and Taxpayer. Voting trustees were named under this Plan and the mortgage bonds were exchanged for participation certificates and cancelled. The lien of the mortgage was then released and the property freed of encumbrances.

The Taxpayer's business presumably prospered. And in 1946 Taxpayer learned that the voting trustees had a cash offer for land adjoining that subject to the lease and option. Taxpayer then proposed an exchange of its stock for the real estate leased to it and the adjoining piece for which the cash offer had been made. The proposal was accepted and the exchange made. The value attributed to the stock in this exchange exceeded the sum of the cash offer and the price set in Taxpayer's option to purchase.

Taxpayer sold parts of this property in 1952 and 1953. In its income tax returns for those years it reported capital gains on the sales. It computed the gains on the basis of the Company's purchase price in 1922. That price far exceeded the value Taxpayer attributed to the property in 1934, when its lease and option were acquired, and the Company basis would have given Taxpayer a substantial advantage. The Commissioner rejected Tax-

payer's claim for the Company basis, and made deficiency assessments which the Tax Court subsequently upheld. This petition to review followed.

The question is whether the Superior Court proceeding was but a further step in the District Court Plan so as to bring the 1946 transaction within the terms of § 112(b) (10) in Taxpayer's favor. Section 112(b) (10) is a 1943 amendment to the Internal Revenue Code of 1939, 26 U.S.C.A. § 112(b) (10) and is an exception to the general rule [1] for capital gains basis. So far as pertinent, § 112(b) (10) provides:

"* * * No gain or loss shall be recognized if property of a corporation * * * is transferred * * * in pursuance of an order of the court having jurisdiction of such corporation—

"(A) in a receivership, foreclosure, or similar proceeding, * * * "to another corporation organized or made use of to effectuate a plan of reorganization approved by the court in such proceeding, in exchange solely for stock or securities in such other corporation.

The Tax Court, in deciding Taxpayer was not entitled to the benefits of § 112 (b) (10), found that the Superior Court proceeding was "no part of" the District Court Plan and the 1946 transaction not "in pursuance of an order of the court having jurisdiction of such corporation * * *."

No case cited by Taxpayer, nor found by this court, involves a situation similar to the one before us. Taxpayer relies upon Pearson Hotel, Inc. v. United States, D.C., 199 F.Supp. 33 for support of its contentions that a specific order of court, approving the 1946 transaction, was not necessary under § 112(b) (10) and that that transaction was not too remote to be part of the District Court proceeding. These contentions may be conceded as unimportant. The vital distinction in

Pearson is that there a "Trust Agreement", approved by the Circuit Court of Cook County, anticipated and expressly authorized, fifteen years in advance, the transfer. Here there is no express nor implied authority in the District Court Plan for the 1946 transaction.

After the District Court's final decree in 1940, the trustee for the bondholders was no longer under that court's jurisdiction, and was neither limited by that court's decree nor compelled by it to sue in the Superior Court. The 1946 transaction was approved by a different court, in a different proceeding, to reorganize a different company. We deem it unnecessary to apply the rule of construction,[2] urged by Taxpayer, stated in Barr v. United States, 324 U.S. 83, 91, 65 S.Ct. 522, 89 L.Ed. 765, that the singular "court" in § 112(b) (10) includes the plural.

There was no necessity for "two steps" in the District Court Plan for the benefit of the Company's creditors. The creditors who had dissented from the District Court Plan had settled for cash. The unsecured creditors had settled their claims for Taxpayer's stock. The bondholders, through the trustee, had legal and equitable title to the Company real estate plus 51% of Taxpayer's stock given for deficiency of the real estate security. There was no need to continue the Plan because of Taxpayer's interest. It needed the approval of neither the District nor of the Superior Court for its part in the 1946 transaction.

We hold in the light of these considerations, that the Tax Court did not err in finding that the Superior Court suit was "no part" of the District Court proceeding. That inference from the undisputed facts is not clearly erroneous. Commissioner v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218. It follows that the 1946 transaction was not "in pursuance of an order of the court having jurisdiction" of the distressed Company.

---

1. "§ 113(a) Basis (Unadjusted) of Property.—The basis of property shall be the cost of such property; * * *."

2. "* * * words importing the singular number may extend and be applied to several persons or things". 1 U.S.C.A. § 1.

And the question of continuity of interest need not be discussed.

For the reasons given, the decision of the Tax Court is affirmed.